**SO ORDERED: January 29, 2008.**



_____
**Basil H. Lorch III
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ONESTAR LONG DISTANCE, INC., | ) | CASE NO. 03-72697-BHL-7 |
|     Debtor. | ) | |
| _____ | ) | |
| ELLIOTT D. LEVIN, CHAPTER 7 | ) | |
| TRUSTEE, | ) | : |
|     Plaintiff, | ) | |
| v. | ) | ADV. NO. 06-57013 |
| | ) | |
| ALAN POWERS, et al., | ) | |
|     Defendants. | ) | |

### ORDER ON
### JOINT MOTION FOR PARTIAL SUMMARY JUDGMENT

    This matter comes before the Court on the **Joint Motion for Partial Summary Judgment Filed by Dr. Chester Higdon, Norma Rae Higdon, James Randy Miller, Ruth Ann Powers and Dr. R. Patrick Kollker Pursuant to Fed.R.Civ.P. 56, as Incorporated by Fed.R.Bankr. 7056** (the "Motion") filed on July 2, 2007, by which the Movants request a finding that (I) the Non-Voting Directors were not insiders of the Debtor, (ii) no action for breach of fiduciary duty can be asserted

against the Non-Voting Directors, and (iii) that the Non-Voting Directors are not liable for unlawful distributions of the Debtor. The **Trustee's Response in Opposition to Joint Motion for Partial Summary Judgment** (the "Response") was filed on August 6, 2007. Attached to the Trustee's Response was the **Affidavit of Todd C. Meyers in Support of Trustee's Response in Opposition to Joint Motion for Partial Summary Judgment**. Meyers notes that the Court, on July 11, 2007, entered a Scheduling Order in this adversary proceeding which allowed the parties to conduct discovery until February 15, 2008. Meyers goes on to request that the Court delay ruling on the instant Motion until the close of discovery to allow the Trustee an opportunity to fully and effectively respond to the Motion. This matter was heard by the Court on September 14, 2007, and at that time, one of the Movants, Ruth Ann Powers, by counsel, renewed her earlier **Motion to Drop or Sever**, which had been taken under advisement by the Court in or about May, 2007.

On January 8, 2008, the Court entered an **Order Vacating Scheduling Order** and directed the parties to respond to discovery requests as otherwise required by the Federal Rules of Bankruptcy Procedure or by agreement. The Court further noted that, upon entry of an order resolving the Class B Motion, a status conference will be held to determine new deadlines within which to conduct discovery and file dispositive motions.

The Court, having considered the foregoing, and being duly advised in the premises, does DENY the Motion for Partial Summary Judgment for the reasons stated hereinbelow.

**Memorandum**

OneStar Long Distance, Inc. (the "Debtor") had two classes of directors, Class A Directors and Class B Directors. The Class B Directors included the movants, Dr. Chester Higdon and Norma Rae Higdon, James Randy Miller, Ruth Ann Powers and Dr. R. Patrick Kollker (collectively the "Class B Directors"). According to the Affidavit of Alan Powers and other members of the Class

B Directors, the latter made no decisions concerning the operation of the Debtor, did not participate in the day-to-day business activities, and did not have the ability to directly or indirectly control the Debtor. Each of the aforesaid Class B Directors have filed Affidavits containing similar allegations. The Examiner, James Knauer (the "Examiner"), in his deposition, concedes that he had no specific knowledge of any of the Class B Directors exerting any influence on corporate decision-making and he identifies the "Big Four"[1] as the individuals who principally ran OneStar.

The Trustee, in opposition to the instant Motion, has filed various Exhibits which tend to indicate that the Class B Directors had at least some authority to influence corporate policy or procedure and did, in fact, do so. Specifically, on or about June 30, 2003, the Class B Directors, Chester Higdon, Norma Higdon, R. Patrick Kollker, and Ruth Ann Powers, approved or ratified the refinancing of OneStar's debt with Old National Bank (*See*, Meyers Aff., Exh. 2), and on November 21, 2003, those same individuals approved or ratified the purchase by Vantage, LLC of that debt (*Id.*, Exh. 3). Further, according to Article IV, Section 1, of the corporate By-Laws:

> Each Class A director of the corporation shall be entitled to vote on all matters coming before the board of directors. Class B directors shall be entitled to attend all meetings of the corporation and to participate in all discussions regarding corporate matters. Class B directors shall, however, be only entitled to vote on the following matters: the sale of assets constituting more than ten percent (10%) of the value of the assets of the corporation; the merger or dissolution of the corporation; the borrowing of money by the corporation and the pledging of collateral therefor in excess of One Million Dollars ($1,000,000); revoking the Subchapter S election of the corporation; changing the state of incorporation of the Corporation; approving any form of management compensation, including but not limited to, Phantom Stock and Stock Option Plans and approving any award of compensation under any such plan; and the approval of any management agreement for the management of the corporation.

Based upon the foregoing, the Court finds that there is a genuine issue of material fact regarding whether, and to what extent the Class B Directors have exerted any influence over the

---

[1] Alan Powers, Mike Hanus, Marty Huebschaum, and William Stapleton.

management of the Debtor's business affairs.  The **Joint Motion for Partial Summary Judgment filed by Dr. Chester Higdon, Norma Rae Higdon, James Randy Miller, Ruth Ann Powers and Dr. R. Patrick Kollker** is, accordingly, **DENIED**.

###

Distribution to all counsel.